NOT DESIGNATED FOR PUBLICATION

No. 114,641

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEANDRE HOPKINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellis District Court; EDWARD BOUKER, judge. Opinion filed November 4, 2016. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Officer, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*: Following his drug conviction, Deandre Hopkins was granted probation by the district court in Ellis County. After several probation violations, Hopkins left the area and went to Arkansas without telling his probation officer. A month later Hopkins called his probation officer from Kansas City, Missouri, but failed to return to Ellis County. He continued to be at large until he was arrested a year later in Lawrence. At the probation revocation hearing that followed, the district court found Hopkins had absconded and, therefore, did not need to consider an intermediate sanction. The district court sent Hopkins to serve a modified 18-month prison sentence. On appeal, Hopkins claims the district court erred in finding he had absconded and in revoking his probation without first ordering an intermediate sanction. We conclude that Hopkins'

1

conduct constituted absconding and, therefore, the district court did not err in bypassing an intermediate sanction and sending Hopkins to prison.

Hopkins' conviction began with a traffic stop during which Hopkins gave the arresting officer false identification information and the arresting officer found a glass pipe which tested positive for the presence of marijuana. The State charged Hopkins with felony possession of marijuana, misdemeanor interference with law enforcement, and possession of drug paraphernalia. Pursuant to a plea agreement, Hopkins pled guilty to possession of marijuana. In exchange, the State dismissed the other charges and agreed to recommend probation. The district court followed the plea agreement and sentenced Hopkins to probation for 18 months with an underlying prison sentence of 34 months.

Over the next few months, Hopkins violated several conditions of his probation. He tested positively for opiates and cannabinoids. He admitted using hydrocodone. When Hopkins failed to report to his probation officer, his probation officer was unsuccessful in trying to reach him. The next day Hopkins called his probation officer and apologized for missing his appointment. Hopkins said he was in Arkansas because his grandfather died and his mother was "not doing well." He asked whether his supervision could be transferred to Arkansas. His probation officer said that would be inappropriate and Hopkins needed to report in by Friday.

Hopkins failed to report as directed. A couple of weeks later Hopkins called his probation officer and said he was still in Arkansas and was going to seek transfer of his supervision. His probation officer instructed Hopkins to report in person immediately. Hopkins stated he would return to Kansas in a week.

A week passed and Hopkins again failed to report. His probation officer contacted Hopkins' mother who had not seen Hopkins for a month. She stated that Hopkins'

2

grandfather did not die as Hopkins had reported. She also stated that her health was fine, contrary to Hopkins' earlier claim.

The State moved to revoke Hopkins' probation based on his failure to report to his probation officer, failure to maintain employment, failure to obtain approval for a change of residence and for travel outside Kansas, and failure to abstain from illegal drugs. The district court issued a bench warrant for Hopkins' arrest.

A few days later, Hopkins called in and left a message for his probation officer that he was in Kansas City, Missouri, and "was about to turn himself in." But Hopkins remained at large for nearly 1 year until he was arrested in Lawrence.

At the probation revocation hearing that followed, Hopkins stipulated to the various probation violations asserted by the State. The State contended that Hopkins was an absconder. The district court agreed, found that Hopkins absconded from supervision, revoked Hopkins' probation, and sent him to prison to serve a reduced sentence of 18 months.

Hopkins appeals. He contends the district court erred in finding him to be an absconder and, as a result, in not ordering him to serve an intermediate sanction under K.S.A. 2015 Supp. 22-3716(c) rather than sending him to prison.

We review for substantial supporting evidence the district court's factual findings that are the basis for its finding that Hopkins absconded. Whether those facts can legally be characterized as absconding is an issue of law which we review de novo. See *State v. Kendall*, 300 Kan. 515, 520, 331 P.3d 763 (2014); *State v. Huckey*, 51 Kan. App. 2d 451, 457, 348 P.3d 997, *rev. denied* 302 Kan. ___ (2015).

3

Hopkins does not contest that he violated the terms of his probation. Rather, he contends that before requiring him to serve his prison sentence, the court was obligated to impose an intermediate short-term sanction under K.S.A. 2015 Supp. 22-3617(c)(1). He contends that while one of the exceptions to this statutory requirement permits the court to by-pass an intermediate sanction when a probationer absconds from probation supervision, this exception did not apply to him. He argues that he informed his probation officer of his trip to Arkansas (albeit after the fact), requested a transfer of his supervision to Arkansas, and advised his probation officer of his later relocation to Kansas City. He maintains that no evidence shows he hid or tried to actively deceive authorities with regard to his whereabouts. He concludes the evidence only establishes he failed to report and "was not where he was supposed to be."

The Kansas Code of Criminal Procedure does not define the phrase "absconds from supervision," as used in K.S.A. 2015 Supp. 22-3716(c)(8). In *Huckey*, the probationer failed to report to his probation officer for a period of over 4 months. Based upon this fact alone, the district court by-passed an intermediate sanction and directed Huckey to serve his underlying prison sentence. Huckey appealed, arguing that mere failure to report does not constitute absconding. The *Huckey* court agreed, stating: "Absconding is more than just not reporting." 51 Kan. App. 2d at 456. The court adopted the definition of "abscond" found in Black's Law Dictionary, which is as follows: "To depart secretly or suddenly, especially to avoid arrest, prosecution or service of process." 51 Kan. App. 2d at 455.

Here, Hopkins' conduct clearly satisfies the definition of absconding. He did more than simply not report. He left for Arkansas secretly and suddenly without telling his probation officer in advance. When located, he lied to his probation officer about the cause of his sudden disappearance: the claimed death of his grandfather and ill health of his mother. He lied about staying with his mother in Arkansas, who denied he had been staying with her. He assured his probation officer he would report in, but instead moved

4

to Missouri. When located in Missouri, he assured his probation officer he would turn himself in, but he never did. His next contact with the court system was when he was apprehended a year later in Lawrence.

Substantial competent evidence supports the district court's finding that Hopkins absconded from supervision. Thus, the district court properly revoked Hopkins' probation and ordered him to prison without imposing an intermediate sanction under K.S.A. 2015 Supp. 22-3716(c)(8).

With this holding, we need not address the State's argument that the meaning of absconding should be broadened. There is no need to broaden what it means to abscond from supervision in order to resolve the issues of this case.

Affirmed.